## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN EARLE SULLIVAN,<br><br>    Petitioner,<br><br>  v.<br><br>MARTIN O'MALLEY, et al.,<br><br>    Respondents. | **MEMORANDUM DECISION AND ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:26-cv-00567-AMA<br><br>District Judge Ann Marie McIff Allen |

Before the Court is Petitioner John Earle Sullivan's Emergency Motion for Temporary Restraining Order.[1] In this Motion, which comes before the Court on an ex parte basis,[2] Petitioner asks the Court to enjoin the Social Security Administration ("SSA") and the Utah Disability Determination Services ("DDS") from finalizing administrative actions, rendering Step 4 or 5 disability determinations, or scheduling remote consultative examinations in Petitioner's disability case during the pendency of the instant action.[3] Petitioner also asks the Court to compel the production of various documents.[4] For the reasons below, the Court denies Petitioner's Motion.

Federal Rule of Civil Procedure 65(b)(1) provides as follows:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can

---

[1] ECF No. 3.

[2] *Id*. at 1.

[3] *Id.* at 2.

[4] *Id.*

be heard in opposition; and

(B) the movant[] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.[5]

Here, Petitioner has not included an affidavit with his Motion, and it does not appear that his Petition is verified. As such, he has failed to set forth specific facts in an affidavit or verified pleading clearly showing that immediate and irreparable injury, loss, or damage will result to him before the adverse parties can be heard. "Although the Court must liberally construe pro se filings, pro se status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants."[6] For this reason alone, the Court cannot grant Petitioner's temporary restraining order on an ex parte basis.

Nonetheless, even were Court to give notice to Respondents and thereafter consider the merits of Petitioner's Motion, the Court would deny the request. "Preliminary injunctive relief—whether a temporary restraining order or a preliminary injunction—'is an extraordinary remedy never awarded as of right.'"[7] Because preliminary injunctive relief is a drastic remedy and "the exception rather than the rule[,]"[8] a movant's "right to relief must be clear and unequivocal."[9] To establish entitlement to such relief, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest."[10]

---

[5] Fed. R. Civ. P. 65(b)(1) (emphasis added).

[6] *Evans v. Janeway L. Firm*, No. 25-cv-02761-STV, 2025 WL 3516306, at *1 (D. Colo. Sept. 8, 2025) (citation modified) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

[7] *Schiermeyer ex rel. Blockchain Game Partners, Inc. v. Thurston*, 697 F. Supp. 3d 1265, 1269 (D. Utah 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).

[8] *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020), *abrogated on other grounds by Garland v. Cargill*, 602 U.S. 406 (2024).

[9] *Id*.

[10] *Winter*, 555 U.S. at 20.

"'[T]he single most important prerequisite' to preliminary injunctive relief is 'a showing of probable irreparable harm.'"[11] "A party's harm is *irreparable* 'when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain.'"[12] Such harm must also be "of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."[13] Furthermore, it is insufficient that a mere "possibility" of irreparable, imminent harm exists; rather, a party seeking preliminary injunctive relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction."[14]

Petitioner has failed to clearly establish that he will likely suffer immediate and irreparable harm absent the requested preliminary injunctive relief. With respect to irreparable harm, Petitioner states that the Utah Department of Workforce Services ("DWS") terminated his general assistance cash benefits, that he was locked out of his myCase portal, and that "the state agency sharded Petitioner's files across separate folders . . . and relied on returned mail to medical providers" to deny the benefits.[15] It also appears that, according to Petitioner, DDS denied Petitioner disability benefits.[16] Even were the Court to accept that the denial of benefits may constitute an irreparable harm, this harm is not imminent. It has allegedly already occurred. "[T]he 'purpose' of preliminary relief 'is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without [its] issuance.'"[17]

---

[11] *Thurston*, 697 F. Supp. 3d at 1269 (quoting *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017)).

[12] *Id*. (emphasis in original) (quoting *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir. 2001)).

[13] *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (emphasis in original).

[14] *Winter*, 555 U.S. at 22 (emphasis in original).

[15] ECF No. 3 at 21.

[16] *Id*. at 6.

[17] *Thurston*, 697 F. Supp. 3d at 1271 (quoting *Schrier v. Univ. of Co.*, 427 F.3d 1253, 127 (10th Cir. 2005)).

It does seem that Petitioner has sought reconsideration of at least the denial of disability benefits.[18] Thus, it would appear that Petitioner's asking the Court to enjoin SSA and DDS from continuing their administrative processes may stem from an anticipated further denial of benefits from these agencies. But any such harm is, as it appears to the Court, speculative at this point. The result of an appeal could possibly work in Petitioner's favor, just as it could possibly work against. And the mere possibility of harm is insufficient to demonstrate entitlement to such a drastic remedy as preliminary injunctive relief.

In sum, Petitioner has failed to establish that he will suffer immediate and irreparable harm absent the requested temporary restraining order. He is, therefore, not entitled to this relief.

## ORDER

For the foregoing reasons, the Court DENIES Petitioner's Emergency Motion for Temporary Restraining Order (ECF No. 3).

DATED this 24th day of June 2026.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge

---

[18] ECF No. 3 at 6 (discussing a "Reconsideration appeal").