# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN EARLE SULLIVAN, <br><br> Petitioner, <br><br> v. <br><br> MARTIN O'MALLEY, et al., <br><br> Respondents. | **MEMORANDUM DECISION AND ORDER DENYING RENEWED EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** <br><br> Case No. 2:26-cv-00567-AMA-JCB <br><br> District Judge Ann Marie McIff Allen <br><br> Magistrate Judge Jared C. Bennett |

Before the Court is Petitioner John Earle Sullivan's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction.[1] This Motion comes before the Court on an ex parte basis and is in large part a regurgitation of Plaintiff's previous Emergency Motion for Temporary Restraining Order,[2] which the Court denied.[3] For the reasons below, the Court likewise denies the present Motion.

"Preliminary injunctive relief—whether a temporary restraining order or a preliminary injunction—'is an extraordinary remedy never awarded as of right.'"[4] Because preliminary injunctive relief is a drastic remedy and "the exception rather than the rule[,]"[5] a movant's "right

---

[1] ECF No. 9, filed June 25, 2026; *see also* ECF Nos. 10–12.

[2] ECF No. 3, filed June 22, 2026.

[3] ECF No. 6, filed June 24, 2026.

[4] *Schiermeyer ex rel. Blockchain Game Partners, Inc. v. Thurston*, 697 F. Supp. 3d 1265, 1269 (D. Utah 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).

[5] *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020), *abrogated on other grounds by Garland v. Cargill*, 602 U.S. 406 (2024).

to relief must be clear and unequivocal."[6] To establish entitlement to such relief, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest."[7]

The Court remains unconvinced that Petitioner has clearly established that he will likely suffer immediate and irreparable harm absent the requested preliminary injunctive relief. Nonetheless, even were the court to assume that some harm may exist here, "[a] plaintiff seeking [preliminary injunctive relief] must satisfy all four elements[,]"[8] and Petitioner has failed in his renewed Motion and the associated memorandum to direct argument to whether he is likely to succeed on the merits, whether the balance of equities tips in his favor, and whether an injunction is in the public interest. It is not "the proper function of the district court to assume the role of advocate for the pro se litigant[,]"[9] and the Court will not craft legal theories for Petitioner. This alone is sufficient basis for the Court to deny Petitioner's request.

Moreover, with respect to the likelihood of success on the merits, Petitioner's request raises concerns related to whether—and to what extent—the Court may properly exercise its jurisdiction over this action. While the contours of Petitioner's claims as set forth in his Motion for Writ of Mandamus[10] are far from clear, it seems to the Court that Petitioner is seeking, at least in part, federal judicial review of state agency determinations. The Tenth Circuit has held that "[a]n appeal from a state administrative board is not a 'civil action' as required by 28 U.S.C.[ ] § 1331 or §

---

[6] *Id.*
[7] *Winter*, 555 U.S. at 20.
[8] *Witt v. Colorado*, No. 1:22-cv-02242-CNS-NRN, 2023 WL 2375092, at *1 (D. Colo. Mar. 6, 2023) (citing *Denver Homeless Out Loud v. Denver*, 32 F.4th 1259, 1277 (10th Cir. 2022)).
[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[10] ECF No. 1.

1332[,]"[11] as well as that federal district courts have "no power to consider an appeal from [a] state administrative tribunal."[12] Indeed, "[p]ermitting the bypassing of state procedures would lead to federal district courts becoming courts of review for state administrative agencies and to needless conflict between federal and state governments."[13] In *Gigena v. DWS*, the plaintiff sought review in federal court of a DWS administrative law judge's decision affirming the denial of the plaintiff's SNAP benefits.[14] There, the court plainly stated that "Mr. Gigena cannot sue DWS in federal court over his SNAP benefits."[15] Here, Plaintiff appears to be, in part, challenging DWS's decisions to terminate his benefits. While it does not appear that Petitioner has exhausted his administrative remedies, even if he had or was relieved from doing so, an appeal of a state administrative agency's determination would not be properly heard before this Court.[16] Where such questions related to the Court's jurisdiction remain unresolved, it cannot be said that Petitioner has clearly shown that he has a likelihood of success on the merits.

In sum, because Petitioner has failed to establish that he is entitled to the requested relief, the Court denies this Motion. The Court reminds Petitioner of the Magistrate Judge's Order temporarily granting the Motion for Leave to Proceed in Forma Pauperis, wherein it is ordered that "[o]ther than court forms . . ., Plaintiff must not file any other documents during the time the complaint is screened or until the court orders otherwise. If Plaintiff files any such other

---

[11] *Trapp v. Goetz*, 373 F.2d 380, 383 (10th Cir. 1966).

[12] *Id.*

[13] *Allegheny Airlines, Inc. v. Pa. Pub. Util. Com.*, 319 F. Supp. 407, 414 (E.D. Pa. 1970).

[14] *Gigena v. Dep't of Workforce Servs.*, No. 2:25-cv-00130-JNP-JCB, 2026 WL 815672, at *1 (D. Utah Feb. 11, 2026), *report and recommendation adopted*, No. 2:25-cv-00130-JNP-JCB, 2026 WL 811666 (D. Utah Mar. 24, 2026).

[15] *Id.* at *2.

[16] *See* Utah Code Ann. § 63G-4-102(1), -401, -402. "Utah state district courts are vested with jurisdiction to review the decisions of hearings determining eligibility, including an administrative law judge's final decision." *Gigena*, 2026 WL 815672, at *2 n.27 (internal citations omitted).

documents, they will be lodged on the docket and will not be addressed until screening of the complaint is completed."[17]

## **ORDER**

For the foregoing reasons, the Court DENIES Petitioner's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 9).

DATED this 30th day of June 2026.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge

---

[17] ECF No. 13.